**PEOPLE** ex rel. STRULLER et al. v. McKEAN et al.

(Supreme Court, Special Term, New York County. June, 1899.)

1. STIPULATION—CONSTRUCTION.
　　Where a stipulation has been made extending the time for the determination of a case by the court, and before the expiration of the time a second stipulation is made that the justice shall have "ten days' further time to decide this case," such 10 days are in addition to the time given by the first stipulation, and do not run from the date when the second stipulation was filed.

2. SAME—EXTENDING TIME FOR DECISION—EFFECT.
　　New York City Consolidation Act, § 1372, as amended in 1891, gives a justice of the municipal court the power, within eight days after the submission of a case tried without a jury, to certify that he has been unable to determine the issues of fact, and to make an order setting the case down for trial by a jury. Section 1384 requires a justice to decide a cause and render judgment within eight days from the time the same is submitted to him. *Held*, that where the time for deciding a cause is extended by stipulation, it also extends the time within which a retrial by jury may be ordered.

Application on relation of Riccardo Struller and others for a writ of prohibition against John McKean, justice of the municipal court, and others. Writ dismissed.

Henry G. K. Heath, for relators.
Henry M. Goldfogle, for respondents.

BEEKMAN, J. An action was brought by Sarah A. Joseph and another against Riccardo Struller and others in the municipal court of the city of New York, Seventh district, to recover damages for breach of contract. The case was tried before the respondent John B. McKean, a justice of said court, and submitted to him for decision. Upon a request for further time within which to determine the case, a written consent was entered into by the attorneys for the parties that they should have until March 31, 1899, within which to submit briefs, and that the justice should have 20 days after such submission within which to decide the cause. It is admitted by the counsel for the relators under the first point of his brief that the case was submitted to the justice for his decision upon briefs on March 31, 1899, and that his time to render a decision extended 20 days from that date, namely, to and including April 20th. On the 19th day of April, 1899, a further stipulation in writing was entered into, under which it was consented that the justice should have "ten days' further time to decide this case." The necessary import of this stipulation was that the justice was to have 10 days in addition to the time which had already been given, which would give him to and including April 30th. The contention that the additional time ran only from the date of the stipulation is, I think, untenable, and contrary to the trend of decisions involving the construction of similar stipulations. On the 29th day of April, 1899, the justice made the following certificate: "I certify that I am unable to determine the issues of fact in this case, and decide it proper that the same should be tried by a jury. Case

set down for trial on May 5, 1899." This certificate was made pursuant to section 1372 of the New York City consolidation act (as amended in 1891), which provides that:

"If after a trial shall have been had before the justice without a jury, the justice shall, within eight days after the submission of the case or proceeding, certify that the evidence is of such a conflicting nature that he has been unable to determine the issue of fact, and that he deems it proper that the same should be tried by jury, he may, by an order, set the same down for trial by a jury for a day not more than eight days from the time of the making of the order, and thereupon the action or proceeding shall be continued in court, and tried by jury as hereinbefore provided in the case where a trial by jury is ordered by the justice before the trial." Laws 1891, c. 378.

The contention is now made that the justice had no power to make any such certificate at the time that he did, and that he has lost all jurisdiction of the cause for the reason that such certificate was made more than "eight days after the submission of the case." This, I think, involves altogether too narrow a construction of the statute. By section 1384 of the New York City consolidation act a justice of the municipal court is required to decide a cause "and render judgment accordingly within eight days from the time the same is submitted to him for that purpose." Reading these two sections together, as should be done, the obvious meaning of the former is that the certificate under which the order for a trial by jury may be made must be so made within the time limited by statute for the decision of the cause; and the specific reference which it contains to a period of "eight days" is but a form of expression signifying that intention. It contemplated that the justice should have all the time allowed him for a decision of the cause within which to reach a conclusion, and, failing this, that he might at the last moment within which he was required to act order a trial by jury. In no other sense than this were the words "within eight days after the submission of the case" employed. Although section 1384 of the consolidation act, above referred to, provides, as we have seen, for the decision of a cause within eight days from the time of its submission, it is well settled that the parties to an action may extend the period by stipulation, as was done in this case. The necessary effect of such an extension is to place the justice in the same situation with respect to his action in the matter as if the time thus allowed him had been specifically mentioned in the statute, and, if my construction of section 1372 is correct, the justice in this case had the right to make the certificate in question at the time he did. This view is both reasonable and in harmony with the obvious intention of the legislature. The object was to prevent the action from failing by reason of the inability of the justice to decide the questions of fact involved, and to provide a different method for the determination of the same whenever, within the limit of time given to him for a decision, he should conclude that an occasion existed for the exercise of his authority to direct a jury trial. The rule is familiar that statutes are to be construed according to their spirit and intention, taking into consideration the object sought to be attained thereby. In the case of People v. Lacombe, 99 N. Y. 43, 1 N. E. 599, it is said (page 49, 99 N. Y., and page 600, 1 N. E.):

"In the interpretation of statutes, the great principle which is to control is the intention of the legislature in passing the same, which intention is to be ascertained from the cause or necessity of making the statute as well as other circumstances. A strict and literal interpretation is not always to be adhered to; and where the case is brought within the intention of the makers of the statute it is within the statute, although by a technical interpretation it is not within its letter. It is the spirit and purpose of a statute which are to be re-garded in its interpretation, and, if these find fair expression in the statute, it should be so construed as to carry out the legislative intent, even although such construction is contrary to the literal meaning of some provisions of the statute. A reasonable construction should be adopted in all cases where there is a doubt or uncertainty with regard to the intention of the lawmakers."

The application of these principles, in my opinion, abundantly sustains the construction which I have given to section 1372 of the consolidation act; and the extension of the respondent's time to de-cide necessarily carried with it the extension of his time within which to make the certificate and order in question. My conclusion there-fore is that the court below has not lost jurisdiction of the case, and that the writ of prohibition which has been sued out by the relat-ors should be dismissed, with costs.

Writ dismissed, with costs.